## No. 2.

**STRONG against ALLEN, TRUSTEE OF STRONG.** Rutland, 1810.

THE principal debtor cannot plead "that he was not a concealed or absconding debtor," in bar.

THIS was an action brought in pursuance of the Act entitled "An Act directing the proceedings against trustees of concealed or absconding debtors."

Strong, the principal debtor, pleaded in bar—That at the commencement of the present suit, he was not a concealed or absconding debtor. Demurrer.

In support of the demurrer, Williams and N. Chipman argued :

1. That the trustee action is a remedy provided for the creditor, extending the right of attachment to property in action, as well as that in possession. 1 Stat. p. 241. et Seq.

2. The Statute is a remedial one, and should be liberally and beneficially expounded.

3. The trustee alone, is interested in the question, whether the property be regularly and legally attached, and this question can be raised by the trustee only, for this action is to pro-

...eed against the principal debtor, whether the trustee be charged or not. 1 Stat. p. 243, sec. 4, and p. 244, sec. 5, proviso.

4. At any rate, the principal debtor cannot plead this plea in *bar*, it must be pleaded in *abatement*, if at all ; this proceeding is analagous to the British foreign attachment ; the action is founded partly on the Statute and partly on the general act, the *main action* is the declaration against the principal debtor ; the process against the trustee is merely the *mode* of attaching the property ; a plea to the *action* is not whether the right action is brought, but to the cause of action, as connected with the plaintiff. Whether the defendant is exempt from arrest, or whether property, not liable to be attached, is attached, cannot be pleaded in abatement, or bar, but the defendant may be discharged, or the attachment dissolved. Suppose the trustee discharge himself, why does not this abate the suit ? Because it does not affect the suit between the principal parties.

*Contra.* *Clark* and *Mallary* :

Any fact which shews the plaintiff's *action*, could not be sustained, at the time it was commenced, may be pleaded in *bar.*

Action is of the same import as *suit*, or *proceedings in a cause;* any defence which shews that the contingency which the law requires, to give the action, has not happened, may be pleaded in *bar.*

This action is unknown at common law, and is entirely a creature of the Statute ; it can be maintained *only* in case the debtor has absconded ; if the plaintiff commences his suit before this event, the principal debtor may plead this plea in *bar*, as it wholly defeats the action.

By the Court. The *principal debtor* cannot plead this plea, either in *bar* or *abatement*, but can take advantage of the fact set up in the plea, only by motion to dismiss the process, as against the the *trustee*, in the nature of a motion to dissolve an attachment.

*Judgment*—That plea in bar is insufficient.